UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



WILLIAM O. BREWER,

Plaintiff,

v.                                                          Civil Action No. 3:10CV377(REP)

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC

Serve:  CT Corporation System
        Registered Agent
        4701 Cox Road, Suite 301
        Glen Allen, VA  23060

Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacted business in District and the plaintiff chooses to bring this action in this state.

### III. PARTIES

3. Plaintiff, William O. Brewer, is a natural person residing in Hampton, Virginia.

4. Defendant, Receivables Performance Management, LLC ("RPM"), is a LLC engaged in the business of collecting debts in this state with its principal place of business located in Lynwood, Washington. One of the principal purposes of RPM is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Some time in 2009 the Plaintiff had a personal credit card account with Sprint. Beginning in February 2010, Defendant RPM began calling Plaintiff at home demanding payment on the alleged debt assigned to Defendant RPM by Sprint.

7. Between February 1, 2010 and May 10, 2010, Defendant RPM called Plaintiff daily, between two to three times a day and sometimes four times a day, with phone calls placed as late as 9:15 p.m. Neither in the first phone call to the plaintiff nor within five days thereafter did the collector for the defendant provide all the notices required by 15 U.S.C. §1692g(a) of the FDCPA. Furthermore, during the phone calls made by Defendant, the person calling did not always indicate their identity. During the conversations, the Plaintiff disputed the amount of the debt and requested written validation of the debt, but none was ever received.

8. During this same time period, Defendant RPM also contacted Don Locklear, Plaintiff's landlord, and William Church, who lives in the same residence as Plaintiff, on multiple occasions, discussing specific details of the alleged debt and asking them questions regarding Plaintiff's personal finances. Defendant RPM asked Plaintiff's landlord the following questions: "How much rent did he [Plaintiff] owe him [Plaintiff's landlord]?" and "Why is he [Plaintiff's landlord] letting him [Plaintiff] stay there owing that much money?". Plaintiff's landlord informed Plaintiff that on May 14, 2010 he must move elsewhere because of the repeated harassing phone calls. As a result, Plaintiff was homeless for a period of time and has been forced to sign a one-year lease with a monthly rent of $350 more a month.

9. Beginning on or about March 2010, Plaintiff verbally requested Defendant cease contacting Plaintiff's landlord or Plaintiff. Defendant has ignored these requests. Plaintiff also requested that Defendant RPM send a statement verifying the alleged debt but none was ever received.

10. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Communicating with the debtor at places known to be inconvenient to my client, including his landlord despite being repeatedly told to stop (§1692c(a)(1&3));

b) Engaging in conduct of which the natural consequence is to harass, oppress, or abuse, causing my client's telephone to ring with intent to annoy, abuse, or harass

(§1692d(2)(5));

c) Failing to provide the required validation notices at the time of initial contact and/or in writing within five days thereafter (§1692g(a);

d) Failing to cease communications after being directed to do so by my client (§1692(c)(C);

e) Communicating with persons other than my client <u>for purposes other than to locate my client</u> and communicating specific information about the debt owed (§1692b(1 &3));

f) Failing to provide meaningful disclosure of your company's identity and address (1692(d)(6);

g) Failing to disclose in the initial communication the alleged debtor has thirty days to dispute the debt (§1692(g);

h) Failing to provide meaningful verification of the debt after being asked to do so by the plaintiff.

11. As a result of the acts alleged above, plaintiff suffered actual damages, including increased rent, embarrassment, and emotional distress.

## V. FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference the preceding paragraphs.

13. Defendant violated the FDCPA as noted above.

14. As a result of the above violations of the FDCPA, the defendant is liable to

4

the plaintiff for plaintiff's actual damages, statutory damages costs and attorney fees.

   WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

   A. Actual damages.

   B. Statutory damages pursuant to 15 U.S.C. §1692k.

   C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

   D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

                                          Respectfully submitted,

                                          **WILLIAM O. BREWER**

                                          _____
                                          Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff